STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 18-555


J.P.

VERSUS

A.D.



**********
APPEAL FROM THE
13th JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, No. 77313-A
HONORABLE GARY J. ORTEGO, DISTRICT JUDGE

**********

JONATHAN W. PERRY
JUDGE

**********

Court composed of Billy Howard Ezell, Van H. Kyzar, and Jonathan W. Perry, Judges.


AFFIRMED, IN PART;
REVERSED, IN PART;
AND RENDERED.


Kathy Fontenot-Meyers
Attorney at Law
P. O. Drawer F
Ville Platte, LA 70586
COUNSEL FOR DEFENDANT/APPELLANT:
    A.D.


Christopher M. Ludeau
Attorney at Law
P. O. Drawer 69
Ville Platte, LA 70586
COUNSEL FOR PLAINTIFF/APPELLEE:
    J.P.

**PERRY, Judge.**

In this child custody dispute, the mother appeals the trial court's judgment which designated both parents as "joint domiciliary custodial parents." She also appeals the trial court's unrecorded, in-chambers interview of one of her witnesses, and its ruling that returned her kindergarten-age daughter to a prior school. We affirm in part, reverse in part, and render.

## FACTS

A.D. and J.P. have two minor daughters, B.P., six-years of age, and C.P., three-years of age.[1] Although A.D. and J.P. were not married, they and their two children resided near Bayou Chicot in a home A.D. owned. All of them lived together for approximately five years until the father moved out of the home on or about October 5, 2017, as a result of a break-up between mom and dad.

Beginning in the 2017-2018 school year, B.P. attended kindergarten at Bayou Chicot Elementary. Prior to the break-up, as she traveled to Oakdale Elementary, where she was employed as a Pre-K teacher, A. D. would bring her two children to the home of Angie, J. P.'s mother. Angie, a school secretary at Bayou Chicot Elementary, would take C.P. to daycare and would bring B.P. to the elementary school. After school, Angie would pick up her two grandchildren and bring them to her home. A. D. would then come and get her children when she returned from Oakdale Elementary, and they would go to their Bayou Chicot home.

At or near Christmas 2017, after J. P. left the Bayou Chicot home, A. D. decided to transfer B.P. to Oakdale Elementary, where she was allowed to attend

---

[1] In accordance with Rule 5–2 of the Uniform Rules–Courts of Appeal, we will refer to the parties by their first names' and surnames' initials to ensure the confidentiality of the minors involved in this proceeding.

because A. D. was employed there. J. P. objected to B.P.'s transfer, and this litigation ensued.

## PROCEDURAL HISTORY

On January 9, 2018, J. P. filed suit against A.D., seeking shared custody of B.P. and C.P. A.D. answered J.P.'s lawsuit and reconvened, seeking sole custody of the two children, subject to J.P.'s supervised visitation, child support, and the issuance of a TRO, enjoining J.P. from any physical and sexual abuse or harassment of A.D.

The trial court heard this matter on two non-consecutive days, February 24, 2018[2] and March 20, 2018. Shortly after the conclusion of the March 20 hearing, the trial court assigned written reasons and issued judgment. In that judgment, the trial court: (1) ordered B.P. removed from Oakdale Elementary and re-enrolled at Bayou Chicot Elementary by April 9, 2018; (2) provided A.D. and J.P. with shared custody of B.P. and C.P.; (3) designated A.D. and J.P. as "joint domiciliary custodial parents"; (4) ordered custody and visitation with the minor children on a "7x7" basis with the non-visiting parent having additional visitation every Wednesday evening for two hours "in accordance with the attached Custody Implementation Plan";[3] (5) provided that visitational and custodial exchanges take place at the home of J.P.'s parents; (6) ordered J.P. to pay $500 monthly for child support retroactive to January 15, 2018; (7) required A.D. to continue carrying the minor children on all medical

---

[2] At the conclusion of the first day's hearing, the trial court issued an interim judgment. It granted the parties joint custody, designated A.D. as the domiciliary parent, granted J.P. unsupervised visitation on every other weekend, provided an exchange point for visitation, allowed B.P. to remain at Oakdale Elementary, and granted mutual and reciprocal restraining orders to both A.D. and J.P.

[3] Our thorough search of the record fails to find an attached custody implementation plan. However, the record does contain detailed reasons for judgment which address custody and visitation with specificity. Louisiana Revised Statutes 9:335 does not explicitly require a particular form for the rendition of a joint custody implementation order. Notwithstanding, see *infra* our further discussion of La.R.S. 9:335(A)(3) and the trial court's ruling.

and health insurance premiums; (8) ordered J.P. to pay the child care/day care costs of the two children; (9) ordered J.P. responsible for 68% of all costs of school and extracurricular activities, as well as deductibles, copays, and non-covered medical expenses of the two children; (10) granted the parties unmonitored telephone or text messaging/conversations during the other parent's visitation; (11) ordered open communication as to the health, education and welfare of the children between the parents and prohibited the parents from making disparaging or derogatory comments about each other in the presence of the children or other persons; and (12) decreed that the jurisdiction of the custody and support matters would remain with the Evangeline Parish court and that the order would be regarded as a "considered decree." Although the trial court designated A.D. and J.P. as "joint domiciliary custodial parents," it did not allocate legal authority and responsibility for the children in the joint custody implementation order.[4]

On appeal, A.D. asserts the trial court committed manifest error by: (1) designating the parents as co-domiciliary parents; (2) not having the witness testimony of Brother Jerry Adams ("Brother Adams") received in chambers recorded and made part of the record;[5] and (3) refusing to allow B.P. to attend school where she (A. D.) teaches.

---

[4] We further note that although the trial court granted mutual and reciprocal restraining orders to both A.D. and J.P. in its interim judgment, the final judgment is silent in this regard.

[5] We pretermit discussion of A.D.'s second assignment of error. Our careful review of the record shows that although the trial court agreed to take Brother Adams' testimony out of order, the record indicates A.D.'s trial counsel neither objected to the trial court's in-chambers examination of Brother Adams nor objected to the failure to have that examination recorded. "If a party fails to make a contemporaneous objection the issue may not be raised on appeal." *Davis v. Kreutzer*, 93-1498 (La.App. 4 Cir. 2/25/94), 633 So.2d 796, 803, *writ denied*, 94-773 (La. 5/6/94), 637 So.2d 1050.

## DISCUSSION

*Domiciliary Parent*

Relying on *Hodges v. Hodges*, 15-0585 (La. 11/23/15), 181 So.3d 700, A.D. argues that the trial court committed an error of law when it designated her and J.P. as joint domiciliary custodial parents. She contends that ruling should be reversed, and she should be designated as the domiciliary parent.

After a trial court has decided to award joint custody to the parents, La.R.S. 9:335 governs the detailed determination of the custody arrangement. In pertinent part, La.R.S. 9:335 provides:

> A. (1) In a proceeding in which joint custody is decreed, the court shall render a joint custody implementation order except for good cause shown.
>
> (2)(a) The implementation order shall allocate the time periods during which each parent shall have physical custody of the child so that the child is assured of frequent and continuing contact with both parents.
>
> (b) To the extent it is feasible and in the best interest of the child, physical custody of the children should be shared equally.
>
> . . .
>
> (3) The implementation order shall allocate the legal authority and responsibility of the parents.
>
> B. (1) In a decree of joint custody the court shall designate a domiciliary parent except when there is an implementation order to the contrary or for other good cause shown.
>
> (2) The domiciliary parent is the parent with whom the child shall primarily reside, but the other parent shall have physical custody during time periods that assure that the child has frequent and continuing contact with both parents.
>
> (3) The domiciliary parent shall have authority to make all decisions affecting the child unless an implementation order provides otherwise. All major decisions made by the domiciliary parent concerning the child shall be subject to review by the court upon motion of the other parent. It shall be presumed that all major decisions made by the domiciliary parent are in the best interest of the child.

4

Interpreting La.R.S. 9:335, the supreme court explained:

> Read as a whole, therefore, we conclude the plain language of La. R.S. 9:335 manifests the legislature's clear intent to establish a custodial system in which a child has a domiciliary parent and no more than one such parent. The text is clear. Although each parent can share physical custody, the court can only designate a single domiciliary parent.

*Hodges*, 181 So.3d at 706.

In further explanation, the *Hodges* opinion also explained:

> Although La. R.S. 9:335(B)(1) provides that "[i]n a decree of joint custody the court **shall** designate a domiciliary parent," the legislature provided two exceptions to this mandate-that is, (1) "when there is an **implementation order** to the contrary" or (2) "for other good cause shown." (Emphasis added.) In other words, while La. R.S. 9:335(B)(1) provides a preference for the designation of "**a** domiciliary parent," a court could choose not to designate a domiciliary parent at all and, instead, to allocate authority by means of an **implementation order**. *See Evans v. Lungrin*, 97–0541 at 11 [(La. 2/6/98)], 708 So.2d [731] at 737. Indeed, according to La. R.S. 9:335(A)(1), (2)(a), and (3), when joint custody is decreed and in the absence of "good cause shown," a joint custody implementation order "shall allocate the time periods during which each parent shall have **physical custody** of the child" **and** "shall allocate the **legal authority and responsibility** of the parents." (Emphasis added.)

*Hodges*, 181 So.3d at 708–09 (internal footnotes omitted) (first alteration in original).

In the present case, the trial court clearly contravened La.R.S. 9:335 when it designated A.D. and J.P. as joint custodial domiciliary parents. Likewise, its implementation order does not address the issue of "good cause shown." Accordingly, we reverse the trial court's judgment to this extent.

*Custody Implementation Order*

As noted in *Hodges*, 181 So.3d at 711:

> [W]e find that La. R.S. 9:335 does not explicitly require a particular form for the rendition of a joint custody implementation order, and we hold the only mandatory requirements for a joint custody implementation order stated in La. R.S. 9:335 are: (1) the time

5

periods during which each parent shall have physical custody of the child; and (2) the legal authority and responsibility of the parents.

Although our supreme court did not expound in *Hodges* on what parental authority and responsibilities are mandated in a valid implementation order, our colleagues of the first circuit spoke to this question in *Ehlinger v. Ehlinger*, 17-1120 (La.App. 1 Cir. 5/29/18), 251 So.3d 418. They said:

> It would appear that the legislature, in requiring an allocation of the legal authority and responsibility regarding minor children, intended to promote greater harmony between the parents by providing less opportunity for conflict. In order to accomplish this goal, we find that an implementation order should at a minimum allocate the legal authority and responsibility for major decisions, such as medical care, elective surgery, dental or orthodontic care, and school and/or preschool choices.

*Ehlinger*, 251 So.3d at 426.

In the present case, notwithstanding the trial court's admonition to the parents to have "**open communication** as to the health, welfare and education of the minor children between the parents," such a stipulation does not comply with the mandate of La.R.S. 9:335(A)(3) to "allocate the legal authority and responsibility of the parents." To the contrary, such an open-ended statement, though complimentary, does not promote greater harmony between the parents. And as reflected in the facts of the present case, such a statement does nothing to diffuse the opportunity for conflict. Accordingly, we find the trial court also failed to allocate legal authority and responsibility in its joint custody implementation order.

*Disposition*

Having identified two errors of law, we must determine a procedure to best resolve this matter. If the record is complete, we are able to make our own independent de novo review. *Landry v. Bellanger*, 02-1443 (La. 5/20/03), 851 So.2d 943. We find that the record is complete and de novo review is appropriate.

A.D. and J.P. lived together with their two daughters, B.P., their six-year old, and C.P., their three-year old, in A.D.'s home near Bayou Chicot. J.P. left the home at or near Christmas 2017. After J.P. left, he lived with his parents and, at the time of the custody hearing, he was in the process of purchasing a home of his own. At the time of the hearing, the two daughters were living at home with A.D. The domiciliary parent is the parent with whom the child primarily resides. La.R.S. 9:335(B)(2). Moreover, our review of the record shows A.D. provides the children with day-to-day stability and sees to the children's daily necessities of life. Accordingly, we designate A.D. as the domiciliary parent.

As the domiciliary parent, A.D. shall have authority to make all major decisions[6] affecting B.P. and C.P. Moreover, as provided in La.R.S. 9:335(B)(3), all major decisions made by A.D. concerning her children shall be subject to review by the court upon motion of J.P. Notwithstanding, as further provided in La.R.S. 9:335(B)(3), "It shall be presumed that all major decisions made by the domiciliary parent are in the best interest of the child[ren]."

---

[6] Louisiana Revised Statutes 9:336 also provides that "[j]oint custody obligates the parents to exchange information concerning the health, education, and welfare of the child and to confer with one another in exercising decision-making authority." Major decisions "normally include decisions concerning major surgery or medical treatment, elective surgery, and schools attended, but not the day-to-day decisions involved in rearing a child, e.g., bedtimes, curfews, household chores, and the like." *Griffith v. Latiolais*, 10-0754 (La. 10/19/10), 48 So.3d 1058, 1069 (quoting Kenneth Rigby, *1993 Custody and Child Support Legislation*, 55 La. L.Rev. 103, 113 (1994)). Non-major decisions are not subject to judicial review. *Id.*; *Evans v. Lungrin*, 97-541 (La. 2/6/98), 708 So.2d 731, 738.

Although we have not reversed the trial court's decision to remove B.P. from Oakdale Elementary and re-enroll her at Bayou Chicot Elementary, that decision, now reviewed some one year later, may not now be viable under the present circumstances. However, our treatment of that question should not be viewed as an indication as to which school B.P. should be enrolled in the future. Having been designated domiciliary parent, A.D. now has that authority. Major decisions extend to decisions as to schooling and school choice. *Ehlinger*, 251 So.3d 418.

**DECREE**

Therefore, we reverse the trial court's designation of A.D. and J.P. as joint domiciliary custodial parents. We designate A.D. as the domiciliary parent. In all other respects, the trial court judgment is affirmed. Costs are assessed to J.P.

**AFFIRMED, IN PART; REVERSED, IN PART; AND RENDERED.**